IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| CHARLES CURTISS TAYLOR, JR., | § | |
| Plaintiff, | § | |
| v. | § | A-13-CV-464-LY |
| | § | |
| KENNETH ANDERSON, et al., | § | |
| Defendants. | § | |

**ORDER**

Before the Court is Plaintiff Charles Curtiss Taylor, Jr.'s ("Taylor") Motion for Appointment of Counsel (Dkt. No. 2). Broadly construed, Taylor claims that he was discriminated against based on his sexual orientation and deprived of his First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendment rights under color of state law in violation of 42 U.S.C. § 1983. Dkt. No. 1. The District Court referred the above-motion to the undersigned Magistrate Judge for a determination pursuant to 28 U.S.C. §636(b) and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

**I. ANALYSIS**

The decision to appoint an attorney is within the broad discretion of the trial judge given the particular facts of the case. *Gonzalez v. Carlin*, 907 F.2d 573, 579 (5th Cir. 1990). The following three factors are generally balanced by the courts in determining whether to appoint an attorney: (1) the party's financial ability to retain private counsel, (2) the party's own efforts to secure counsel, and (3) the merits of the case. *Id.* at 580; *Maxwell v. Kight*, 974 F. Supp. 899, 902 n.2 (E.D. Tex. 1996). Courts have also considered a party's ability under the circumstances of the case to present the case without the assistance of an attorney. *Poindexter v. FBI*, 737 F.2d 1173, 1189 (D.C. Cir. 1984); *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982).

In considering a motion for appointment of counsel, the court must also remain mindful of the unfairness of imposing involuntary servitude upon a member of the bar when the likelihood of success upon the claims appears slight. *Tatum v. Cmty. Bank*, 866 F. Supp. 988, 995 (E.D. Tex. 1994). Moreover, there are no federal funds allocated to the prosecution or defense of civil lawsuits. For that reason, if the Court were to appoint an attorney, counsel would have to serve entirely without compensation unless the party prevails and attorney's fees are awarded. The court considers all of these factors in exercising its discretion is resolving a request for appointed counsel in a civil case.

### A. Financial Ability to Retain Private Counsel

In demonstrating his financial ability to retain private counsel, Taylor is not required to establish substantial poverty. *Reado v. Tex. Gen. Land Office*, 929 F.Supp. 1046, 1053 (E.D. Tex. 1996) (citing *Ivey v. Bd. of Regents*, 673 F.2d 266, 269 (9th Cir. 1982)). "There need only be insufficient assets and income to enable movant to afford an attorney to investigate and file his claim." *Id.* In this case, Taylor is not seeking to proceed *in forma pauperis* and has paid the filing fee. Taylor's only argument regarding his inability to pay is that he receives disability pension checks and is a "documented member" of the Americans with Disabilities Act. Dkt. No. 2 at 2. He does not provide the Court with any further information regarding the circumstances that make retaining a private attorney financially difficult. Furthermore, Taylor presents no evidence of financial inability to retain private counsel under a contingency fee arrangement. Accordingly, this factor does not weigh in his favor.

### B. Efforts to Secure Counsel

To be eligible for appointed counsel, plaintiff must make "a reasonably diligent effort under the circumstances to obtain counsel." *Lee v. United States Postal Service*, 882 F. Supp. 589, 594

(E.D. Tex. 1995) (quoting *Bradshaw v. Zoological Soc'y*, 662 F.2d 1301, 1319 (9th Cir. 1981)). Courts have suggested that a significant inquiry on this issue is whether the complainant has pursued the possibility of a contingent fee arrangement in his efforts to locate an attorney. *Lee*, 882 F. Supp. at 594. "If a plaintiff has made attempts to seek out a contingent fee arrangement, then there is a stronger argument for finding this factor to favor the appointment of counsel." *Reado*, 929 F.Supp. at 1052.

According to his motion, Taylor states that he has requested that the United States Attorney General, Eric Holder, to appoint an attorney to represent Taylor. Dkt. No. 2 at 3. Taylor also notes that he has contacted various gay rights organizations for assistance as well as Texas RioGrande Legal Aid, Inc.[1] *Id.* Taylor further asserts that he will continue to seek pro bono legal assistance. *Id.* However, it does not appear that Taylor has contacted any private attorneys to aid him in pursuing the instant case nor has he discussed with any attorneys the possibility of a contingent fee arrangement. As such, the Court finds that Taylor has not made a reasonably diligent effort to obtain counsel in this case.

**C. Merits of the Case**

The examination of the potential merits of the plaintiff's case is extremely important, "considering the unfairness of imposing service upon a member of the bar in a patently frivolous case." *Lee*, 882 F. Supp. at 594. "Examination of the merits sua sponte before the defendant has been required to answer is akin to a frivolousness review of a general *in forma pauperis* proceeding." *Id.* Frivolous suits are those without an arguable basis in law or fact. *Id.* Thus, the duty to screen for frivolousness includes a determination of whether the case is based on a recognized legal theory,

---

[1] Taylor states that he has contacted "Texas Legal Aid Inc., at (888) 988-9996" prior to filing the instant Motion for Appointment of Counsel. Dkt. No. 2 at 3. A search by this Court has revealed that Taylor contacted Texas RioGrande Legal Aid, Inc.

and to make an initial assessment of the plaintiff's factual allegations in light of what plaintiff must eventually prove at trial. *Id.* While the court may not construct arguments or legal theories for the plaintiff, the complaint must be liberally construed when, as here, the plaintiff is proceeding *pro se*. *Id.*

Thus far, Taylor has presented little to support the majority of his claims in this case. Generally, Taylor bases his claims on his subjective belief that he was discriminated and retaliated against due to his sexual orientation and his suspicion that certain public officials are prejudiced against homosexuals. Subjective belief evidence is considered to carry little weight in the discrimination inquiry. *Reado*, 929 F. Supp. at 1053. Similarly, Taylor's claim that he was deprived of the right to freedom of speech under the First Amendment is lacking in merit.

However, Taylor makes at least some factual assertions which might support a claim under 42 U.S.C. § 1983, such as the claims regarding his medical care while incarcerated. To demonstrate a prima facie case of cruel and unusual punishment based on the denial of medical care, a plaintiff must establish that defendants acted "with deliberate indifference to [his] serious illness or injury." *Estelle v. Gamble*, 429 U.S. 97, 105 (1976). Under this standard, the plaintiff must make an "objective" showing that the deprivation was "sufficiently serious," or that the result of defendant's denial was sufficiently serious. *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). Additionally, the plaintiff must make a "subjective" showing that the defendant acted with a "sufficiently culpable state of mind." *Id*.

Here, Taylor has alleged that he was deprived of adequate medication for his human immunodeficiency virus ("H.I.V."), which caused the development of on-set acquired immunodeficiency syndrome ("A.I.D.S"). Dkt. No. 1 at 12. Taylor contends that his current physician would testify that the inadequate treatment of Taylor's H.I.V. by the prison physicians,

along with a lack of proper nutrition while incarcerated, contributed to the development of on-set A.I.D.S. *Id.* at 18–19. Taylor further alleges that defendants as a group knew of the substantial risk of serious harm presented by the inadequate medical care provided in the prison but does not provide sufficiently specific allegations as to what each individual defendant may have known about his condition and treatment. *Id.* at 47. Considering the information provided by Taylor, the Court is unable to ascertain at this time whether the case has sufficient potential merit to support appointment of counsel despite the other factors weighing against Taylor.

### D.  Plaintiff's Ability to Present His Case

As this case is in the beginning stages, there is limited information to allow this Court to gauge Taylor's ability to present his case, but what the Court has seen is favorable. Taylor asserts that the claims in the case are especially complicated and that he is incapable of litigating these issues himself due to his highly medicated state as a result of his continuing treatment for A.I.D.S. as well as chronic-fatigue syndrome. Dkt. No. 2 at 2. However, it seems evident that Taylor has been exposed to at least some of the nuances of §1983 and, as shown by his extensive complaint, his writing skills are adequate to pursue his case. Moreover, neither the facts nor the legal issues involved in this case are so complex as to warrant appointment of counsel. Accordingly, the Court finds that Taylor is capable of adequately presenting his case without the assistance of counsel.

### E.  Conclusion

Considering the above factors, the Court finds that Taylor has failed to demonstrate a genuine need for appointment of counsel at this time. In particular, Taylor has failed to establish that he is financially unable to retain an attorney or that he has fully explored the possibility of retaining an

attorney on a contingent fee basis. Accordingly, the Court declines to appoint Taylor an attorney and **HEREBY DENIES** Taylor's Motion for Appointment of Counsel (Dkt. No. 2).

SIGNED this 30th day of July, 2013.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE