IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **CHARLES CURTISS TAYLOR, JR.,** § | | |
| **Plaintiff,** § | | |
| v. § | A-13-CV-464-LY | |
| § | | |
| **KENNETH ANDERSON, et al.,** § | | |
| **Defendants.** § | | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE SAM SPARKS
      CHIEF UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the United States District Court pursuant to 28 U.S.C. §636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

On February 11, 2014, and March 6, 2014, the Court issued orders for the Plaintiff to show cause why the claims in this case against defendants Kenneth Anderson, John Bradley, and the Texas Board of Insurance should not be dismissed for failure to timely serve the complaint. The order gave Mr. Taylor until March 14, 2014, to show cause. He has failed to respond to the order with any evidence as to how he has properly served any of these defendants, despite the passage of more than six months from the order. Rather, all he has submitted are copies of two "green cards" from the US Postal Service indicating that he mailed something (presumably the summons and the complaint) to Anderson and Bradley as follows:

"Judge" Ken Anderson
277th District Court
109 Criminal Justice Annex
405 M.L.K. Box 6
Georgetown, Texas 78626

John Bradley, Former District Attorney
for Williamson County, Texas
405 M.L.K. Box 1
Georgetown, Texas 78627

The green cards reflect that a person signing as "Stacy Viduare" received the documents on June 24, 2013.

The Court has previously addressed this method of service, and explained why it is inadequate under both federal and state law. Dkt. No. 27 at 14-16. Further, as to Bradley, the green card on its face indicates that the service is inadequate, since it was sent to Bradley's *former* workplace. Finally, Taylor has submitted nothing to indicate that he has served the Texas Board of Insurance. As the Court explained in the order for Taylor to show cause, under FED. R. CIV. P. 4(m), Taylor had 120 days after the filing of the complaint to serve the Defendants. Although it appears that Taylor attempted to serve Anderson and Bradley, as explained above that service failed to comply with the rules. It appears that Taylor has not served the Texas Board of Insurance. FED. R. CIV. P. 4(m) provides that "[i]f a defendant is not served within 120 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant." More than a 15 months have passed since this case was filed.

Accordingly, **IT IS HEREBY RECOMMENDED** that the district judge **DISMISS WITHOUT PREJUDICE** all of the claims in this case against Defendants Ken Anderson, John Bradley, and the Texas Board of Insurance, pursuant to FED. R. CIV. P. 4(m).

SIGNED this the 8th day of September, 2014.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE